IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JESUS GUTIERREZ ELIASAR (TDCJ No. 1893763), | § § § § § § § § § § § § § | |
| Petitioner, | | |
| V. | | No. 3:16-cv-1429-B-BN |
| LORIE DAVIS, Director Texas Department of Criminal Justice Correctional Institutions Division, | | |
| Respondent. | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Petitioner Jesus Gutierrez Eliasar, a Texas inmate, has filed a *pro se* application for writ of habeas corpus under 28 U.S.C. § 2254. *See* Dkt. No. 1. His application was transferred to this Court from the Tyler Division of the Eastern District of Texas, *see* Dkt. No. 12, and his habeas action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Jane J. Boyle. For the reasons explained below, the Court should deny Eliasar's habeas petition.

**Applicable Background**

"Eliasar pleaded guilty before a jury to murder. The jury found [him] guilty and assessed punishment at sixty-five years' imprisonment and a $10,000 fine." *Eliasar v. State*, No. 05-13-00592-CR, 2014 WL 4463360, at *1 (Tex. App. – Dallas Sept. 11, 2014); *see State v. Eliasar*, No. F13-00153-Y (Crim. Dist. Ct. No. 7, Dallas Cty., Tex.).

His conviction and sentence were affirmed on direct appeal after his counsel filed a brief under *Anders v. California*, 386 U.S. 738 (1967). *See Eliasar*, 2014 WL 4463360, at *1. And Eliasar did not file petition for discretionary review in the Texas Court of Criminal Appeals (the "CCA").

Eliasar did, however, petition the state courts for habeas relief. And the CCA denied his habeas application without written order on the findings of the trial court made without a hearing. *See Ex parte Eliasar*, WR-83,140-01 (Tex. Crim. App. Apr. 29, 2015); *see also* Dkt. No. 11-14 at 83-87 (trial court findings of fact and conclusions of law).

In his timely-filed federal habeas application, Eliasar asserts three separate claims contending that his trial counsel was ineffective in violation of the Sixth Amendment (Claims 1, 2, and 3), *see* Dkt. No. 1 at 6-7, and also asserts that he is "innocent of murder" because he "never intended to murder the alleged victim by being intoxicated and going through a red light, as claimed by the indictment" (Claim 4), *id.* at 7.

**Legal Standards**

Where a state court has already rejected a claim on the merits, a federal court may grant habeas relief on that claim only if the state court adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court adjudication on direct appeal is due the same deference under Section 2254(d) as an adjudication in a state post-conviction proceeding. *See, e.g.*, *Dowthitt v. Johnson*, 230 F.3d 733, 756-57 (5th Cir. 2000) (a finding made by the CCA on direct appeal was an "issue ... adjudicated on the merits in state proceedings," to be "examine[d] ... with the deference demanded by [the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA")]" under "28 U.S.C. § 2254(d)").

A state court decision is "contrary" to clearly established federal law if "it relies on legal rules that directly conflict with prior holdings of the Supreme Court or if it reaches a different conclusion than the Supreme Court on materially indistinguishable facts." *Busby v. Dretke*, 359 F.3d 708, 713 (5th Cir. 2004); *see also Lopez v. Smith*, 574 U.S. ___, 135 S. Ct. 1, 2 (2014) (per curiam) ("We have emphasized, time and time again, that the AEDPA prohibits the federal courts of appeals from relying on their own precedent to conclude that a particular constitutional principle is 'clearly established.'" (citation omitted)).

A decision constitutes an "unreasonable application" of clearly established federal law if "the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams v. Taylor*, 529 U.S. 362, 413 (2000). "For purposes of § 2254(d)(1), an unreasonable application of federal law is different from an incorrect application of federal law.... A state court's determination that a claim lacks merit

precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citations and internal quotation marks omitted). "Under § 2254(d), a habeas court must determine what arguments or theories supported or ... could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." *Id.* at 102 (internal quotation marks omitted).

The Supreme Court has further explained that "[e]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations." *Id.* at 101 (internal quotation marks omitted). And "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* at 102. The Supreme Court has explained that, "[i]f this standard is difficult to meet, that is because it was meant to be," where, "[a]s amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings," but "[i]t preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents," and "[i]t goes no further." *Id.* Thus, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103; *accord*

*Burt v. Titlow*, 571 U.S. \_\_\_, 134 S. Ct. 10, 16 (2013) ("If this standard is difficult to meet – and it is – that is because it was meant to be. We will not lightly conclude that a State's criminal justice system has experienced the extreme malfunctio[n] for which federal habeas relief is the remedy." (internal quotation marks and citations omitted)).

As to Section 2254(d)(2)'s requirement that a petitioner show that the state court adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," the Supreme Court has explained that "a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance" and that federal habeas relief is precluded even where the state court's factual determination is debatable. *Wood v. Allen*, 558 U.S. 290, 301, 303 (2010). Under this standard, "it is not enough to show that a state court's decision was incorrect or erroneous. Rather, a petitioner must show that the decision was objectively unreasonable, a substantially higher threshold requiring the petitioner to show that a reasonable factfinder must conclude that the state court's determination of the facts was unreasonable." *Batchelor v. Cain*, 682 F.3d 400, 405 (5th Cir. 2012) (brackets and internal quotation marks omitted).

The Court must presume that a state court's factual determinations are correct and can find those factual findings unreasonable only where the petitioner "rebut[s] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Gardner v. Johnson*, 247 F.3d 551, 560 (5th Cir. 2001). This presumption applies not only to explicit findings of fact but also "to those unarticulated findings which are

necessary to the state court's conclusions of mixed law and fact." *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001); *see also Harrington*, 562 U.S. at 98 ("[D]etermining whether a state court's decision resulted from an unreasonable legal or factual conclusion does not require that there be an opinion from the state court explaining the state court's reasoning."); *Pondexter v. Dretke*, 346 F.3d 142, 148 (5th Cir. 2003) ("a federal habeas court is authorized by Section 2254(d) to review only a state court's 'decision,' and not the written opinion explaining that decision" (quoting *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002) (en banc))).

In sum, Section 2254 creates a "highly deferential standard for evaluating state court rulings, which demands that state-court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002). To overcome this standard, a petitioner must show that "there was no reasonable basis for the state court to deny relief." *Harrington*, 562 U.S. at 98.

**Analysis**

Actual Innocence/Sufficiency of the Evidence [Claim 4]

To the extent that Eliasar's fourth claim – that he is "innocent of murder" because he lacked the requisite intent – asserts a stand-alone claim of actual innocence, that claim is not an independent ground for federal-habeas relief and therefore should be denied. *See McQuiggin v. Perkins*, 569 U.S. ___, 133 S. Ct. 1924, 1931 (2013) (citing *Herrera v. Collins*, 506 U.S. 390, 404-05 (1993)); *Reed v. Stephens*, 739 F.3d 753, 766 (5th Cir. 2014) (collecting cases); *see also Schlup v. Delo*, 513 U.S. 298, 314 (1995) (distinguishing "procedural" claims of innocence, which are based on

a separate, underlying claim that a defendant was denied "the panoply of protections afforded to criminal defendants by the Constitution").

The state court further interpreted the fourth claim as challenging the sufficiency of the evidence, a claim that the state court noted "is not properly raised in a habeas corpus application and will not be considered by the [CCA]." Dkt. No. 11-14 at 85 (citing *Ex parte McLain*, 869 S.W.2d 349, 351 (Tex. Crim. App. 1994)); *see also Bessire v. Quarterman*, No. 4:07-cv-597-Y, 2009 WL 54257, at *2 (N.D. Tex. Jan. 8, 2009) ("Under Texas law, while an allegation of 'no' evidence is cognizable in a state habeas proceeding, a sufficiency-of-the-evidence claim may only be raised on direct appeal and may not be raised in a state habeas proceeding." (citing *West v. Johnson*, 92 F.3d 1385, 1389 n.18 (5th Cir. 1996); *Ex parte Grigsby*, 137 S.W.3d 673, 674 (Tex. Crim. App. 2004); *Clark v. Texas*, 788 F.2d 309, 310 (5th Cir. 1986); *McLain*, 869 S.W.2d at 350)).

Eliasar did not raise his sufficiency-of-the-evidence argument on direct appeal. *See* Dkt. No. 11-1 (appellate counsel's brief in support of motion to withdraw); Eliasar, 2014 WL 4463360, at *1 (noting that Eliasar did not file a *pro se* response after being advised of right to do so). And when, like here, a habeas petitioner first "challenges the sufficiency of the evidence in a state habeas application, and [the CCA] subsequently disposes of the application by entering a denial without written order, the applicant's sufficiency claim was denied because the claim is not cognizable." *Vaughn v. Stephens*, No. 4:14-cv-218-Y, 2015 WL 3504941, at *2 (N.D. Tex. June 3, 2015) (citing *Grigsby*, 137 S.W.3d at 674). "Under these circumstances, reliance on the procedural default by

the state court is established and presents an adequate state procedural ground barring federal habeas review." *Id.* (citing *Ylst v. Nunnemaker*, 501 U.S. 797, 801-07 (1991)).

An exception to this procedural bar allows federal-habeas review if a petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). But Eliasar has failed to demonstrate cause and actual prejudice and also has failed to assert the "fundamental miscarriage of justice" exception. The Court should therefore deny any sufficiently-of-the-evidence claim made now as procedurally-barred.

Remaining Claims

Eliasar's remaining claims concerning the alleged constitutionally-insufficient performance of trial counsel – (1) that counsel failed to preserve an issue for appeal by not objecting to the court reporter's failure to record an outburst at trial; (2) that counsel failed to move for a mistrial; and (2) that counsel failed to move to quash the indictment, see Dkt. No. 1 at 6-7 – all occurred prior to entry of his guilty plea and are therefore all "nonjurisdictional challenges to [his] conviction's constitutionality" and thus "cut off" if Eliasar fails to establish that his guilty plea is not voluntary. *Norris v. McDonough*, No. 8:06-CV-0036-T-30TBM, 2007 WL 1655617, at *6 (M.D. Fla. June 6, 2007) (citing *Scott v. Wainwright*, 698 F.2d 427, 429 (11th Cir. 1983) ("Once a plea of guilty has been entered, nonjurisdictional challenges to the conviction's constitutionality are waived, and only an attack on the voluntary and knowing nature

-8-

of the plea can be sustained." (citing *McMann v. Richardson*, 397 U.S. 759 (1970); *Bradbury v. Wainwright*, 658 F.2d 1083, 1087 (5th Cir. 1981))))); *see Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983) (claims of ineffective assistance of counsel are waived by a voluntary and intelligent guilty plea "except insofar as the alleged ineffectiveness relates to the voluntariness of the giving of the guilty plea").

Eliasar fails to challenge the sufficiency of his guilty plea. And the record reflects, moreover, that his guilty plea is valid.

A guilty plea is valid only if entered voluntarily, knowingly, and intelligently, "with sufficient awareness of the relevant circumstances and likely consequences." *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005). A plea is intelligently made when the defendant has "real notice of the true nature of the charge against him." *Bousley v. United States*, 523 U.S. 614, 618 (1998) (internal quotation marks omitted). And a plea is "voluntary" if it does not result from force, threats, improper promises, misrepresentations, or coercion. *See United States v. Amaya*, 111 F.3d 386, 389 (5th Cir. 1997).

The United States Court of Appeals for the Fifth Circuit has identified three core concerns in a guilty plea proceeding: (1) the absence of coercion; (2) the defendant's full understanding of the charges; and (3) the defendant's realistic appreciation of the consequences of the plea. *See United States v. Gracia*, 983 F.2d 625, 627-28 (5th Cir. 1993). These core concerns are addressed by the admonishments contained in article 26.13 of the Texas Code of Criminal Procedure. *See, e.g.*, *Ojena v. Thaler*, No. 3:10-cv-2601-P-BD, 2011 WL 4048514, at *1 & n.1 (N.D. Tex. Aug. 25, 2011), *rec. adopted*, 2011

WL 4056162 (N.D. Tex. Sept. 12, 2011).

The written plea admonishments advised Eliasar of the charge against him and the range of punishment: felony murder, a first-degree felony with a range of 5 to 99 years of incarceration. *See* Dkt. No. 11-14 at 91-92. He also was advised that he was waiving his right to a jury and further advised of the immigration consequences of a guilty plea – "[i]f you are not a citizen of the United States, a plea of guilty ... may, and under current Federal Immigration rules *is almost certain to*, result in your deportation, removal, exclusion from admission to the United States, or denial of naturalization." *Id.* at 92 (emphasis in original). And he signed a judicial confession. *Id.* at 93-94. These representations by a defendant during plea proceedings carry a strong presumption of verity. *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977); *Hobbs v. Blackburn*, 752 F.2d 1079, 1081 (5th Cir. 1985) (official documents, such as a written plea agreement, "are entitled to a presumption of regularity and are accorded great evidentiary weight").

In light of these representations considered against Eliasar's failure to challenge the validity of his guilty plea in this proceeding, there is no showing that his guilty plea was not entered voluntarily. The Court should therefore deny the remaining, nonjurisdictional grounds for habeas relief.

**Recommendation**

The Court should deny the application for a writ of habeas corpus.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these

findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 18, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE